**In the Matter of NDEP CORPORATION, f/k/a Prospect Industries Corporation, Debtor.**

**NDEP CORPORATION, Plaintiff,**

v.

**ENVIRON CORPORATION, Judith L. Rosenthal, Esq., and Drinker Biddle & Reath, Defendants.**

**Bankruptcy No. 95–1257 HSB.**

United States Bankruptcy Court, D. Delaware.

Nov. 21, 1995.

---

Steven K. Kortanek, Phillips, Goldman & Spence, P.A., Wilmington, DE, for Plaintiff.

Warren T. Pratt, Drinker Biddle & Reath, Philadelphia, PA, and David W. O'Connor, Wilmington, DE, for Defendants.

HELEN S. BALICK, Chief Judge.

NDEP, the debtor plaintiff, referred to in these proceedings as Prospect, has sued Environ Corp., Judith Rosenthal, and Drinker Biddle & Reath. Prospect's amended complaint alleges a violation of the automatic stay provisions of Section 362(a) of Title 11 United States Code and seeks avoidance of a post-petition transfer under Section 549 of the Code.

The complaint has a third alternative count alleging that the funds represented by the check for $125,000 delivered to Environ is a preference under Section 547 of Title 11 United States Code.

Under Section 541 of the Code, Prospect's bankruptcy filing on October 11, 1995 created an estate composed of all Prospect's legal or equitable interests as of the commencement of the case wherever located and by whomever held.

As of September 1, 1995, there was a remaining balance of $316,811 in a trust established by an agreement, dated December 21, 1990, between Prospect and Steven Picco, trustee, in accordance with an administrative consent order of the New Jersey Department of Environmental Protection. The administrative consent order provided for the contribution of funds to the trust for the purpose of cleaning up the contamination at Prospect's Bridgewater project. The trust document provided the procedure for payment of those funds for work performed on that project.

Environ had performed services in connection with the Bridgewater project. The $125,000 check delivered to Environ was drawn on this trust account. It represented the settlement amount reached in litigation between Environ and Prospect on August 21, 1995 following the closing of evidence in a three-and-a-half day trial.

Before trial on July 24, 1995, the trial judge had entered an order of reserve directing the trustee to hold the sum of $300,000 in reserve for the purpose of satisfying any judgment or settlement of the Environ–Prospect litigation. The trustee was not a party to the litigation, but, as previously noted, there was an amount exceeding $300,000 in the trust account subsequent to the settlement. In connection with that settlement, two orders issued from the New Jersey Superior Court.

■ It is necessary to take into consideration those orders and subsequent events in chronological order to determine whether there was a violation of the automatic stay provisions which came into effect on October 11, 1995, the date of the filing of the bankruptcy petition.

The first order, dated August 22, 1995, approves the settlement and directs the trustee to disburse funds within 30 days of the order date. That order recognizes the necessity for the trustee to receive approval from the Department of Environmental Protection to disburse funds from the trust. It further provides that in the event the Department does not approve of the disbursement that judgment be automatically entered effective August 21, 1995.

On September 19, 1995, the trustee, as a follow-up to a conversation with the Judge, wrote to her requesting a supplemental order to address a timing situation. He referenced the trust terms under which the New Jersey Department of Environmental Protection would have to approve any disbursement before the trustee could disburse. He advised the Court that this could take some time and that the Department was now ready to issue a no further action letter. He stated that the trust upon the issuance of that letter would dissolve and the moneys would be returned to Prospect. The DEP, because of this imminent issuance, would take no position on the disbursement of the funds.

The Judge then entered an order, dated September 27, 1995, the first paragraph of which is the same as the August 22nd order except for a minor deviation of no consequence here. The second paragraph tracks the trustee's notification to the Judge that the New Jersey Department of Environmental Protection would not take any position regarding disbursements from the trust to Environ. The order then provided that upon receipt of the no further action letter that the trustee, before disbursement of any moneys to Prospect, shall make payment to Environ of $125,000. It further provided that if the trustee does not disburse to Environ judgment shall be automatically entered effective August 21, 1995.

■ The no further action letter bears the stamped date of September 28, 1995. The evidence did not disclose when or by whom it was received. However, upon the issuance of that letter, the cleanup trust agreement provided under Section 15 that all remaining trust property, less trust administrative expenses, shall be delivered to Prospect. The

next thing to have happened is the filing of Prospect's bankruptcy petition on October 11, 1995. Thus, at the time of the bankruptcy filing, Prospect had a legal and equitable interest in the remaining moneys.

On Friday, October 13, at 4:40 in the afternoon Prospect's counsel advised Environ's litigation counsel of the filing and the automatic stay provisions of Section 362(a) of the Code. On October 16, Prospect's counsel by facsimile and United States mail advised the New Jersey trial judge of the filing and of the scope of Section 362(a)(1)(2) and (3) and copied Environ's litigation counsel, among others.

On October 16, at the Judge's verbal order, the trustee delivered to chambers four checks representing the remaining funds in the account. Environ's litigation counsel, Judith Rosenthal, who was on jury duty in the courthouse on October 17, was summoned to the Judge's chambers. Ms. Rosenthal was directed to notify her client, Environ, to come and pick up a check the trustee had delivered to chambers and to bring someone with signing authority immediately to deposit the check. She did this. A representative from Environ appeared at chambers, a check was delivered and deposited. The three other checks were sent by the judge to counsel for Prospect and to the trustee by letters, dated October 17.

There has been a violation of 362(a)(1) and (3). There was no evidence as to whether a judgment had or had not been entered. Consequently, there is no violation of Subsection (a)(2).

It is the law in this circuit that it is an intentional act that constitutes a violation of the stay provision. Ms. Rosenthal intentionally violated those provisions. She did so at the instruction of a judge.

The disbursements to Environ is a post-petition transfer under Section 549 of the Code and must be returned to Prospect's counsel.

The circumstances here do not warrant the imposition of damages under Section 362(h). Having reached this conclusion, I need not address the preference issue.